IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GILBERT BACON, #212984            :

    Plaintiff                              :

v                                              :     Civil Action No. RDB-09-1217

LT. ROBERT FRIEND, et al.         :
    Defendants

o0o
## MEMORANDUM OPINION

Pending in the above-captioned case are Defendants' Motions to Dismiss or for Summary Judgment. Papers No. 13 and 19. Plaintiff was advised of his right to file a Response in Opposition and of the consequences of failing to do so, but has filed nothing further in this case. Papers No. 14 and 20. For the reasons that follow, Defendants' motions, construed as Motions for Summary Judgment, will be granted.

### Background

Plaintiff asserts he is an "open homosexual" who suffers from mental illnesses requiring medication. Paper No. 1 at p. 5. Among his diagnoses, Plaintiff claims to suffer from dementia, anxiety disorders, schizophrenia, sleep disorders, and impulse-control disorders. Due to both his open homosexuality and his mental illness, Plaintiff claims other inmates will frequently refuse to permit him to share a cell with them. Frequently inmates who are asked to share a cell with Plaintiff become violent and hostile, threatening to kill him if they are not removed from the cell.

Plaintiff claims that from February 16 through 23, 2009, another inmate known as "Weezy" was required by Lt. Friend to move in to Plaintiff's cell. *Id*. Weezy allegedly told Plaintiff that he could not live in a cell with a punk and ordered Plaintiff to get the officers to move him out of the cell. Plaintiff claims he told Lt. Friend that his life was in danger due to

Weezy being in the cell with him; that Weezy did not want a gay man in the cell with him; and that Weezy would beat Plaintiff up if he was not moved. Plaintiff alleges that Friend told him he would not move Plaintiff out of the cell and that he would have "to fuck [or] fight." *Id*. Feeling as though he had no other avenue to obtain a new cell assignment, Plaintiff cut his arm with a razor blade. He states he began bleeding profusely and was removed from his cell, and provided medical care, but was refused psychological care by psychologists Reed, Hess and Weber. *Id*. at p. 6. Plaintiff claims he should have been placed on suicide watch because he injured himself, but Reed told Plaintiff the psychology department would not be handling his case and he turned the matter over to Friend.

Plaintiff claims that Friend then ordered that Plaintiff be placed in the B-1 tier isolation cell known as the "ice box." Paper No. 1 at p. 6. Plaintiff states that once he was in the cell all of his clothes were taken and he was left in the cell naked with no bed, mattress or blanket. He claims he observed Defendant Friend and several other officers outside of his cell putting rocks along the outside of the window so it could not be closed. Plaintiff asserts he was forced to sleep on the cold floor for four days, was not provided toilet paper, and was refused his daily psychotropic medication. Plaintiff claims psychologists told him he could not receive any medications while he was in the ice box.

Plaintiff further claims the ice box is a cell used by the warden, chief of security and Lt. Friend to hold mostly Black inmates who have ben beaten by officers. He claims they are left in the ice box to allow their wounds to heal. Plaintiff states that Friend has been given the power to run the lock-up unit as he pleases and that he believes he is above the law. Paper No. 1 at pp. 6 - 7.

Defendants deny Plaintiff was denied psychological treatment after injuring himself.

2

They claim Plaintiff never complained about his cell mate, but cut himself with a razor blade on February 18, 2009. Paper No. 13 at Ex. 1, p. 2. Plaintiff's wounds were examined by Nurse Laura Brackett, no profuse bleeding was noted. *Id*. He was referred to psychiatry when medical staff were notified he had attempted suicide. *Id*. Plaintiff was then placed on suicide watch in a contingency cell and evaluated by psychiatric staff. *Id* and Paper No. 19 at Ex. 4, pp. 1—2 and Ex. 5, p. 45--47. When questioned by a member of psychiatric staff, Shane Weber, Plaintiff denied any suicidal intentions and stated his purpose was to manipulate his housing assignment. Paper No. 19 at Ex. 3. Plaintiff also agreed to continue taking prescribed medication. *Id*. Weber determined later in the day that Plaintiff was ready to return to his regular housing unit.[1] *Id*. at Ex. 5, p. 43.[2] Plaintiff is described as alert, cooperative and in no acute distress. Weber further noted that Plaintiff "felt uncomfortable being housed" with the inmate assigned to his cell. *Id*.

Lt. Friend states that Plaintiff never complained to him about compatibility issues with his cell mate. *Id*. at Ex. 6. In addition Friend denies mistreating Plaintiff when he was assigned to the contingency cell upon discovery of his self-inflicted wound. *Id*.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

---

[1] There is no indication in the record whether Plaintiff was in fact returned to his regular housing unit on February 18, 2009, as recommended by Weber.

[2] Most of Exhibit 5 contains records far removed in time from the incident described in the complaint and are not germane to the adjudication of the issues presented. Some concern matters occurring 8 to 11 months after the incident alleged. *See* Paper No. 19 at Ex. 5, pp. 1 – 42. Given the private nature of the information contained in medical and psychological records, counsel is reminded to screen exhibits more carefully.

3

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

As a prisoner, Plaintiff is entitled to appropriate psychiatric care for a serious psychiatric disorder. There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977). A prisoner is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with

reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id.* The *Bowring* Court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id.* at 48.  According to the undisputed facts, Plaintiff engaged in self-injurious behavior in order to force prison officials to change his housing assignment.  Defendants submit evidence which Plaintiff fails to refute which establishes that he was provided with a psychiatric referral and was placed on suicide watch despite his statement that he was not suicidal.

Plaintiff's allegations of mistreatment by correctional staff, harsh conditions of the contingency cell, and refusal to change his housing assignment are all denied by Defendants. Plaintiff fails to refute those denials, thus, Defendants are entitled to summary judgment in their favor.

A separate Order follows.


April 5, 2010                                                               /s/
Date                                                           RICHARD D. BENNETT
                                                           UNITED STATES DISTRICT JUDGE